## G. REIS & BRO., Inc., v. REFORM INITIAL CO., Inc., et al.

(Circuit Court of Appeals, Second Circuit. May 12, 1920.)

No. 216.

1. **Patents ☞328—1,294,560, for filler form for embroidery void for lack of invention.**

    The St. Clair patent, No. 1,294,560, for a filler form for embroidery, *held* void for lack of invention.

2. **Words and phrases—"Fill."**

    To "fill" embroidery is to stuff out the figure, which is the ornamentation, by covering the stuffing with the silk, cotton, or other threads used by the embroiderer.

    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Fill.]

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by G. Reis & Bro., Incorporated, against the Reform Initial Company, Incorporated, and others. Decree for defendants, and complainant appeals. Affirmed.

Appeal from decree of District Court dismissing bill in equity for infringement of all the claims of patent No. 1,294,560, issued February 18, 1919, for a "filler form for embroidery." Claim 6 is typical, and is as follows:

"A filler form comprising a body of felt compressed beyond its normal density and saturated by a water soluble stiffening agent maintaining it in compressed condition, whereby said body is adapted to expand to its normal dimensions when said stiffening agent is washed out."

S. Mortimer Ward, Jr., of New York City (Gorham Crosby, of New York City, of counsel), for appellant.

Thomas Ewing, of New York City (George H. Gilman, of New York City, of counsel), for appellees.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge. To the end that embroidery may stand out from the embroidered fabric more prominently than it will or can through or by the thickness of the thread or filament applied, it has long been customary to "fill" the embroidery; i. e., to stuff out the figure which is the ornamentation by covering the stuffing with the silk, cotton, or other threads used by the embroiderer. It is easier to do this if the stuffing or filling is preconstructed in the shape or outline of the intended ornament of embroidery, and this construction was generically old.

The patentee's desired result, as specified, was to produce a "filler form * * * which will * * * give to the finished embroidery the desirable well-rounded contour [and] * * * will expand * * * 'so as to take up any looseness in the embroidery stitches, and permit of the finished embroidery being washed an indefinite number of times without injury." The quoted claim, even without evidence as found in the record, sufficiently shows that the patentee's means con-

sist in cutting figures (usually the letters of the alphabet) out of starched felt.

Considering the admitted antiquity of filled embroidery and of felt stiffened in many ways, including starch, the field left for invention was indeed narrow, and plaintiffs can and do contend only that their use of felt solubly stiffened is so remotely analogous to any former use thereof, that (being productive of a new result) it sufficiently evidences exercise of inventive faculty, within Potts v. Creager, 155 U. S. 608, 15 Sup. Ct. 194, 39 L. Ed. 275.

But the field of invention was further and especially narrowed by a prior patent (No. 1,063,734) for a filler form "comprising united one or more layers of textile fabric, and one or more layers of material [giving] shape retaining qualities or firmness, * * * for example, * * * unwoven fibrous material, digested wood pulp, or other forms of cellulose, compressed." That this included compressed felt is undeniable.

Consequently the patent stands or falls on the expansible or "plumping" capacity of felt when freed of starch. On this point we hold on the evidence, and as matter of fact that no such capacity is shown to exist in any useful degree. We are further of opinion that, such trifling expansibility being a long known function of felt, its use for embroidery filling amounts (at the most) to no more than a change of material for attempting the more perfect accomplishment of the same work, which is not patentable. Potts v. Creager, supra.

While, as above intimated, we are not persuaded that there is by plaintiff's means any "more perfect accomplishment," this case is entirely within the principle of our decisions in Ambursen, etc., Co. v. Hydraulic, etc., Co., 211 Fed. 982, 128 C. C. A. 480, and New York, etc., Co. v. Sierer, 158 Fed. 819, 86 C. C. A. 79, while Marconi, etc., Co. v. De Forest, etc., Co., 243 Fed. 564, 156 C. C. A. 258, illustrates a case where there was a new use or application and a wholly new result.

Decree affirmed, with costs.